IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CHARLES KEVIN COLLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.   1:18-cv-02236-STA-jay |
| ) | |
| MICHELLE NICOLE DODSON, ) | |
| JEFFERY TODD NECESSARY, ) | |
| J&P TRUCKING, INC., and ) | |
| CHRISTOPHER D. LOUDERMILK, ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
OF DEFENDANTS J&P TRUCKING, INC., AND CHRISTOPHER LOUDERMILK**

Plaintiff Charles Kevin Collins filed this action in the Haywood County Circuit Court for injuries he allegedly received as the result of a motor vehicle accident. Defendants removed the action to this Court with jurisdiction predicated on diversity of citizenship, 28 U.S.C. § 1332. Defendants J & P Trucking, Inc., and Christopher D. Loudermilk have filed a motion for summary judgment. (ECF No. 75.) Plaintiff has filed a response to the motion (ECF No. 80), Defendants have filed a reply to the response, (ECF No. 82), and Plaintiff has filed a sur-reply. (ECF No. 86.) For the reasons set forth below, Defendants' motion is **GRANTED**.

Standard of Review

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When deciding a motion for summary judgment, the court must review all the evidence and draw all reasonable inferences in favor of the non-movant. *Matsushita Elec. Indus.*

*Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In reviewing a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, and it "may not make credibility determinations or weigh the evidence." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014). When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Eastham v. Chesapeake Appalachia, L.L.C.*, 754 F.3d 356, 360 (6th Cir. 2014). These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

When determining if summary judgment is appropriate, the Court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52. The Court must enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Background

Plaintiff's claims arise from a March 17, 2017 motor vehicle accident on I-40 in Haywood County, Tennessee. Plaintiff was traveling on the on-ramp to proceed westbound on I-40 at exit 56 when his vehicle was struck head-on by a Kia sedan driven by Defendant Michelle Dodson and owned by Defendant Jeffrey Necessary. Before the Kia struck Plaintiff's vehicle, the Kia made contact with the front of a Freightliner truck driven by Defendant Christopher Loudermilk on

behalf of Defendant J&P Trucking.[1]  Both Dodson and Loudermilk were traveling eastbound on I-40 before impact, with Loudermilk in the left lane, and Dodson in the right lane. Dodson changed lanes from right to left, struck the front of the J&P truck, and then lost control of the Kia, which crossed over the median and collided with Plaintiff's vehicle on the entrance ramp.

Statement of Undisputed Material Facts

Local Rule 56.1(a) requires that any motion for summary judgment be "accompanied by a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial."[2]  Any party opposing summary judgment must respond to each fact stated

---

[1]  It appears that the claims against J&P Trucking are based on vicarious liability for the actions of its driver Loudermilk as there are no independent allegations of negligence on the part of J&P.

[2]  Local Rule 56.1 provides as follows:

> (a) Moving Party. In order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment made pursuant to Fed. R. Civ. P. 56 shall be accompanied by a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial. Each fact shall be set forth in a separate, numbered paragraph. Each fact shall be supported by a specific citation to the record. If the movant contends that the opponent of the motion cannot produce evidence to create a genuine issue of material fact, the proponent shall affix to the memorandum copies of the precise portions of the record relied upon as evidence of this assertion....
>
> (b) Non-moving Party. Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either:(1) agreeing that the fact is undisputed; (2) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (3) demonstrating that the fact is disputed. Each disputed fact shall be filed with any memorandum in response to the motion. The response must be made on the document provided by the movant or another document in which the non-movant has reproduced the facts and citations verbatim as set forth by the movant. In either case, the non-movant must make a response to each fact set forth by the movant immediately below each fact set forth by the movant. In addition, the non-movant's response may contain a concise statement of additional facts that the non-movant contends are material and as to which the nonmovant contends there exists a genuine issue to be tried. Each such disputed fact shall be set forth in a separate, numbered paragraph with specific citations to the record supporting the contention that such fact is in dispute.

by the movant by agreeing that it is undisputed, agreeing that it is undisputed for purposes of ruling on the summary judgment motion only, or by demonstrating that the fact is disputed, with specific citations to the record. LR 56.1(b). "Failure to respond to a moving party's statement of material facts ... shall indicate that the asserted facts are not disputed for purposes of summary judgment." LR 56.1(d).

When a plaintiff asserts that a genuine dispute of material fact exists, he must support his contention with a "specific citation to the record." Local R. 56.1(b). If the plaintiff fails to demonstrate that a fact is disputed or simply fails to address the defendant's statement of fact properly, the Court will "consider the fact undisputed for purposes" of ruling on the motions. Fed. R. Civ. P. 56(e)(2); see also Local R. 56.1(d) ("Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these rules shall indicate that the asserted facts are not disputed for purposes of summary judgment.").

The Court finds that, for purposes of Defendants' motion for summary judgment, there is no genuine dispute as to the following facts, unless otherwise noted.

On March 17, 2017, the parties were involved in a motor vehicle accident on I-40 in Haywood County, Tennessee. (Pl's Resp. Defs' St. Mat. Fcts., para. 1, ECF No. 80-2.) Plaintiff was traveling on the on-ramp to proceed westbound on I-40 at exit 56 when his vehicle was struck head-on by a Kia sedan driven by Defendant Dodson.[3]  (*Id.* at para. 2.) Dodson lost control of the

---

[3]  No party has alleged comparative fault on the part of Plaintiff.

Kia, which crossed over the median, and finally collided with Plaintiff's vehicle on the entrance ramp.[4] (*Id.* at para. 8.)

Immediately prior to this collision, Defendant Loudermilk was driving a truck owned by J&P Trucking. (*Id.* at para. 4.) Both Dodson and Loudermilk were traveling eastbound on I-40. (*Id.* at para. 5.) The truck driven by Loudermilk had a maximum speed of 70 miles per hour and could not accelerate beyond that speed. (*Id.* at para. 9.)

Plaintiff has no firsthand knowledge as to the impact between the Kia and the J&P truck, the movements of the Kia in the moments before the impact between the Kia and the J&P truck, and the movements of the J&P truck in the moments before the impact between the Kia and the J&P truck. (*Id.* at paras. 11 – 13.)

The only two known witnesses to the collision of the Kia driven by Dodson and the Freightliner Coronado driven by Loudermilk are Dodson and Loudermilk. (Defs' Resp. Pl's St. Add. Mat. Fcts., paras. 1 - 2, ECF No. 82.)

Prior to the collision of the Kia and the truck driven by Loudermilk, Dodson put her left blinker to signal that she was moving into the left lane of I-40 eastbound. (*Id.* at para. 3.) Loudermilk's truck was in the left eastbound lane of I-40 at the time of the collision between his truck and the Kia. (*Id.* at para. 10.) Dodson looked in her side mirror and thought she had clearance between the Kia and Loudermilk's truck. (*Id.* at para. 4.) Dodson observed that she had a couple of car lengths between the Kia and Loudermilk's truck. (*Id.* at para. 5.)

As soon as the Kia moved into the left lane of I-40 eastbound, Loudermilk's truck made contact with the bumper of her vehicle, and she spun out across the median, went up the oncoming

---

[4] Plaintiff disputes that Dodson lost control due to her vehicle's clipping Loudermilk's truck and, instead, contends that Loudermilk's truck clipped Dodson's vehicle. (*Id.*) This dispute is discussed below.

ramp, and hit Plaintiff's vehicle. (*Id.* at para. 6.) At the time of the collision between the Kia and Loudermilk's truck, Loudermilk was attempting to pass a semi-trailer truck in the right eastbound lane of I-40. Loudermilk was in the left lane, and the semi-trailer truck that Loudermilk was passing was in the right lane. (*Id.* at para. 16.) Dodson never drove the 2009 silver Kia on the right shoulder of I-40 eastbound on March 17, 2017, prior to the collisions. (*Id.* at para. 7.)[5]

There were only two semi-trailer trucks on I-40 eastbound near exit 56 at the time of the collision between Dodson's Kia and Loudermilk's truck – the truck driven by Loudermilk in the left eastbound lane of I-40 and the semi-trailer truck in the right eastbound lane of I-40. (*Id.* at paras. 8-9.)[6]

At the time of the collision between the Kia and Loudermilk's truck, Loudermilk was driving using cruise control. At the time of the collision between the Kia and Loudermilk's truck, Loudermilk was hauling "hardly anything."[7] (*Id.* at paras. 11-12.)

At the time of the collision between Kia and Loudermilk's truck, the speed of the truck was approximately 69 to 70 miles per hour and the speed of the Kia was approximately 70 to 75 miles per hour. (*Id.* at paras. 14-15.)

Analysis

Defendants argue that, based on the undisputed material facts, no jury could find that Defendant Loudermilk caused Dodson's collision with Plaintiff, therefore entitling them to

---

[5] Defendants do not dispute this fact but correctly contend that whether Dodson was on the shoulder at any point prior to the collisions is irrelevant to the issues before the Court. (*Id.*)

[6] Defendants do not dispute this fact for the purpose of deciding this motion only.

[7] Defendants do not dispute this fact but correctly contend that the size of the load that Loudermilk was hauling is irrelevant to the issues before the Court. (*Id.*)

summary judgment. Plaintiff has responded that there are disputed facts which preclude summary judgment – in particular whether Dodson's vehicle clipped Loudermilk's vehicle or vice versa and whether Loudermilk was driving aggressively at the time of the collision as though to prevent Dodson from changing lanes.

A federal court sitting in diversity applies the choice of law provisions of the forum state, which in this case is Tennessee. *Solo v. United Parcel Serv. Co.*, 819 F.3d 788, 794 (6th Cir. 2016) (citing *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941)). The parties agree that Tennessee's substantive law applies.

In Tennessee, a negligence claim requires proof of the following elements: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury; (4) causation in fact; and (5) proximate or legal cause. *Hale v. Ostrow*, 166 S.W.3d 713, 716 (Tenn. 2005) (citation omitted). "Causation [in fact] and proximate cause are distinct elements of negligence, and both must be proven by the plaintiff by a preponderance of the evidence." *Kilpatrick v. Bryant*, 868 S.W.2d 594, 598 (Tenn. 1993).

> Causation refers to the cause and effect relationship between the tortious conduct and the injury. The doctrine of proximate cause encompasses the whole panoply of rules that may deny liability for otherwise actionable causes of harm. Thus, proximate cause, or legal cause, concerns a determination of whether legal liability should be imposed where cause in fact has been established. Cause in fact, on the other hand, deals with the 'but for' consequences of an act. The defendant's conduct is a cause of the event if the event would not have occurred but for that conduct.

*Id.* at 598 (internal citations and quotations omitted). The test for proximate causation is: (1) the tortfeasor's conduct must have been a "substantial factor" in bringing about the harm being complained of; and (2) there is no rule or policy that should relieve the wrongdoer from liability because of the manner in which the negligence has resulted in the harm; and (3) the harm giving

7

rise to the action could have reasonably been foreseen or anticipated by a person of ordinary intelligence and prudence. *McClenahan v. Cooley*, 806 S.W.2d 767, 775 (Tenn. 1991)

Cause in fact and proximate cause are "ordinarily jury questions, unless the uncontroverted facts and inferences to be drawn from them make it so clear that all reasonable persons must agree on the proper outcome." *Haynes v. Hamilton County*, 883 S.W.2d 606, 612 (Tenn. 1994) (citing *McClenahan*, 806 S.W.2d at 775 (Tenn. 1991)).

> [T]he plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the Defendant was a cause in fact of the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant….

*Lindsey v. Miami Dev. Corp.*, 689 S.W.2d 856, 861-62 (Tenn. 1985). In the present case, "the uncontroverted facts and inferences to be drawn from them make it so clear that all reasonable persons must agree on the proper outcome."

The evidence in the record shows that Dodson moved into the left lane which was lawfully occupied by Loudermilk's truck in contravention of Tenn. Code Ann. § 55-8-123(1),[8] made contact with the truck, spun out of control, and ultimately collided with Plaintiff's vehicle. No evidence has been presented to show that Loudermilk's actions or inactions in any way caused Dodson to move into his lane of traffic or caused her to lose control of her vehicle. Instead, the evidence shows that, in the moments immediately before the collision between the Dodson and Loudermilk vehicles, Dodson slowed down and moved from the right travel lane of I-40 into the left travel lane. The left travel lane was occupied by Loudermilk's truck when Dodson changed

---

[8] "A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from that lane until the driver has first ascertained that the movement can be made with safety." Tenn. Code Ann. § 55-8-123(1).

lanes, and the two vehicles collided. There is no evidence that Loudermilk left the left lane. Regardless of whether Dodson thought she could safely change lanes and notwithstanding her activation of her vehicle's left turn signal, it is undisputed that Loudermilk was lawfully traveling in the left lane with his cruise control set at or under seventy miles per hour. None of the testimony cited by Plaintiff creates a jury question as to whether Loudermilk was negligent or at fault for Plaintiff's injuries.

In support of their motion, Defendants have pointed to the following excerpts from Dodson's deposition.

> Q. And what happened when you got to around Brownsville, Tennessee?
>
> A. I was in an accident. I was going down the interstate and there was a semi in front of me, and so I went to get over, there was a semi coming up, and when I went to get over, I put on my blinker and went to change lanes, and I clipped the semi, like, it spun me out across the median. I went through the median and then up the oncoming traffic lane and I smacked your client head-on.
>
> Q. Okay. Now then, tell us about –you were driving east on I-40; is that correct?
>
> A. Yes.
>
> Q. Okay. And as you got to where the accident occurred, do you remember what lane you were driving in?
>
> A. Right lane.
>
> Q. The right lane?
>
> A. The right lane.
>
> Q. Okay. And what was the traffic like in front of you in that right lane?
>
> A. There was a semi in front of me.
>
> Q. How many?
>
> A. As far as I know, one. That's all I could see.
>
> Q. Okay. And what, if anything, did you do in terms of your contact with that semi?

> A. He was going slower than I was, so as I was coming up on him, I put my blinker on. I looked in my side mirror and I seen that I had clearance; I had a couple car lengths so I went to get over and I clipped the truck.

(Dodson Dep. 28:3-29:7, ECF No. 75-3.)

> Q. Okay. So can you tell me about how it was that your Kia and the truck made contact with each other?
>
> A. Honestly, I have no idea because I thought I had clearance. I put my blinker on. I thought that I had it, and when I went to get over, I guess I should've looked again. I looked once, I had the clearance, and went to get over, and it kind of caught me off guard because I wasn't expecting it.

(*Id.* at 33:8-15.)

Loudermilk testified that immediately before the collision he was passing other trucks while in the left lane eastbound.

> Nobody out in front of me. Then all of a sudden, this car come off the right shoulder in between the two trucks I was passing at the moment, and the one that I was coming up on was the last truck I was going to be passing. There was nobody in front of him. Come over in between them. Then all of a sudden, I just felt the front end get hit and I seen the top of her car coming over in front of my truck. And that -- it was all gone after that.

(Loudermilk Dep. 44:18-45:19, ECF No. 75-4.)

In support of his response, Plaintiff points to perceived differences in the testimony of Dodson and Loudermilk as to who hit who first.[9] However, as noted by Defendants, this is not the test of negligence under Tennessee law. Instead, the test is whether one of the drivers failed to exercise reasonable care under the circumstances and thereby caused an injury. Here, there is no dispute that Dodson changed lanes when it was not safe to do so in violation of T.C.A. § 55-8-

---

[9] In her deposition, Dodson testified that she has "no idea" whose bumper hit first. (Dodson Dep. 42:21 - 43:1, ECF No. 80-7.)

123(1), and this action resulted in her ultimate collision with Plaintiff's vehicle. There is no evidence that Loudermilk failed to exercise reasonable care or in any way caused either collision.

Plaintiff contends that, at the time of the collision between the Kia and Loudermilk's truck, Loudermilk was "driving aggressively as though to prevent Dodson from changing lanes." However, in her deposition, Dodson explained that she had suggested that Loudermilk was driving aggressively because she was "trying to make sense of how it happened because I knew I had room." (Dodson Dep. 44:1-2, ECF No. 80-7.) Later in her deposition, Dodson admitted that she had no information as to Loudermilk's speed or whether he accelerated as she was trying to pass the truck in front of her. (*Id.* at 97:3-23.) Dodson's attempt to try "to make logic" (*id.*) of the accident is not a material fact that would defeat summary judgment.

Defendants have pointed to facts in the record showing that there is no basis for liability as to Loudermilk or J&P Trucking, and Plaintiff has not refuted those facts. Accordingly, Defendants J & P Trucking, Inc., and Christopher D. Loudermilk are entitled to judgment as a matter of law, and their motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date:  June 15, 2020