IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CHARLES KEVIN COLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   No.   1:18-cv-02236-STA-jay |
| | ) |
| MICHELLE NICOLE DODSON and | ) |
| JEFFERY TODD NECESSARY, | ) |
| | ) |
| Defendants. | ) |

### ORDER DENYING MOTION FOR SUMMARY JUDGMENT
### OF JEFFERY TODD NECESSARY

Plaintiff Charles Kevin Collins filed this action in the Haywood County Circuit Court for injuries he allegedly received as the result of a motor vehicle accident. Defendants removed the action to this Court with jurisdiction predicated on diversity of citizenship, 28 U.S.C. § 1332. Defendant Jeffrey Todd Necessary has filed a motion for summary judgment. (ECF No. 76.) Plaintiff has filed a response to the motion (ECF No. 81), and Defendant has filed a reply to the response. (ECF No. 83.) For the reasons set forth below, Defendant's motion is **DENIED**.[1]

Standard of Review

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When deciding a motion for summary judgment, the court must review all the evidence and draw all reasonable inferences in favor of the non-movant. *Matsushita Elec. Indus.*

---

[1] The motion for summary judgment of Defendants J & P Trucking, Inc., and Christopher D. Loudermilk was granted on June 15, 2020. (ECF No. 87.)

*Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In reviewing a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, and it "may not make credibility determinations or weigh the evidence." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014). When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Eastham v. Chesapeake Appalachia, L.L.C.*, 754 F.3d 356, 360 (6th Cir. 2014). These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

When determining if summary judgment is appropriate, the Court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52. The Court must enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Background

Plaintiff's claims arise from a March 17, 2017 motor vehicle accident on I-40 in Haywood County, Tennessee. Plaintiff was traveling on the on-ramp to proceed westbound on I-40 at exit 56 when his vehicle was struck head-on by a Kia sedan driven by Defendant Michelle Dodson and allegedly owned by Defendant Jeffrey Todd Necessary. Before the Kia struck Plaintiff's vehicle, the Kia made contact with the front of a Freightliner truck driven by Christopher Loudermilk on behalf of J&P Trucking. Both Dodson and Loudermilk were traveling eastbound on I-40 before

impact, with Loudermilk in the left lane, and Dodson in the right lane. Dodson changed lanes from right to left, struck the front of the J&P truck, and then lost control of the Kia, which crossed over the median and collided with Plaintiff's vehicle on the entrance ramp. Plaintiff contends that Defendant Necessary is liable for Dodson's actions under Tennessee's family purpose doctrine.

## Statement of Undisputed Material Facts

Local Rule 56.1(a) requires that any motion for summary judgment be "accompanied by a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial."[2] Any party opposing summary judgment must respond to each fact stated by the movant by agreeing that it is undisputed, agreeing that it is undisputed for purposes of ruling

---

[2] Local Rule 56.1 provides as follows:

> (a) Moving Party. In order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment made pursuant to Fed. R. Civ. P. 56 shall be accompanied by a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial. Each fact shall be set forth in a separate, numbered paragraph. Each fact shall be supported by a specific citation to the record. If the movant contends that the opponent of the motion cannot produce evidence to create a genuine issue of material fact, the proponent shall affix to the memorandum copies of the precise portions of the record relied upon as evidence of this assertion....
>
> (b) Non-moving Party. Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either:(1) agreeing that the fact is undisputed; (2) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (3) demonstrating that the fact is disputed. Each disputed fact shall be filed with any memorandum in response to the motion. The response must be made on the document provided by the movant or another document in which the non-movant has reproduced the facts and citations verbatim as set forth by the movant. In either case, the non-movant must make a response to each fact set forth by the movant immediately below each fact set forth by the movant. In addition, the non-movant's response may contain a concise statement of additional facts that the non-movant contends are material and as to which the nonmovant contends there exists a genuine issue to be tried. Each such disputed fact shall be set forth in a separate, numbered paragraph with specific citations to the record supporting the contention that such fact is in dispute.

on the summary judgment motion only, or by demonstrating that the fact is disputed, with specific citations to the record.  LR 56.1(b).  "Failure to respond to a moving party's statement of material facts ... shall indicate that the asserted facts are not disputed for purposes of summary judgment." LR 56.1(d).

When a plaintiff asserts that a genuine dispute of material fact exists, he must support his contention with a "specific citation to the record." Local R. 56.1(b).  If the plaintiff fails to demonstrate that a fact is disputed or simply fails to address the defendant's statement of fact properly, the Court will "consider the fact undisputed for purposes" of ruling on the motions. Fed. R. Civ. P. 56(e)(2); see also Local R. 56.1(d) ("Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these rules shall indicate that the asserted facts are not disputed for purposes of summary judgment.").

The Court finds that, for purposes of Defendant's motion for summary judgment, there is no genuine dispute as to the following facts, unless otherwise noted.

Jeffrey Todd Necessary was alleged in the complaint to be the owner of the 2009 silver Kia four door sedan driven by Michelle Nicole Dodson at the time of the accident which gave rise to this lawsuit. (Pl's Resp. No. 1, ECF No. 81-2.)  The complaint further alleges that Defendant Necessary is responsible for the conduct of those who use or are permitted to use his vehicle, including Dodson.[3]  (*Id.* at No. 2.)  Defendant Necessary testified in his deposition that his son, Jeffrey Tyler Necessary, and his son's mother purchased the 2009 silver Kia.[4]  (*Id.* at No. 3.)

---

[3]  Plaintiff points out that the complaint contains other allegations as to Defendant Necessary.

[4]  Plaintiff acknowledges that this was Defendant's deposition testimony but asserts that there is a disputed issue of fact as to whether Defendant or his son owned the vehicle.

Defendant Necessary admitted in his answer that he was the owner of the 2009 silver Kia driven by Dodson on March 17, 2017. (Def's Resp. No. 2, ECF No. 83.) Defendant Necessary has never sought to amend his answer, and the deadline for filing amendments to pleadings was September 21, 2018. (*Id.* at No. 4.)

The vehicle driven by Dodson was covered under Defendant Necessary's insurance policy with GEICO. (Pl's Resp. No. 5, ECF No. 81-2.) Defendant Necessary and his son, Jeffrey Tyler Necessary, and Dodson were co-insureds on the insurance policy. (Def's Resp. No. 18, ECF No. 83.)

At the time of the relevant events, Defendant Necessary and Dodson resided together in a duplex at 400 Burnham Court, Fort Smith, Arkansas. (*Id.* at No. 1.) Defendant Necessary's son also resided in the duplex. (*Id.* at No. 8.) Defendant Necessary leased the duplex and paid the rent. (*Id.* at Nos. 7, 19.) Dodson moved into the duplex in November 2016 and was living there on March 17, 2017. (*Id.* at Nos. 12, 13.) Defendant Necessary had a romantic relationship with Dodson until she moved out of the duplex the first time; she moved back to the duplex in August 2017 and lived there until October 25, 2018. (*Id.* at Nos. 14, 15.)

Defendant Necessary provided Dodson with a cell phone and paid the bill until she left the duplex on October 25, 2018. (*Id.* at No. 16.)

Both Defendant Necessary and Jeffrey Tyler Necessary gave Dodson permission to drive the 2009 silver Kia to Chattanooga. (*Id.* at Nos. 3, 20.)

Jeffrey Tyler Necessary's date of birth is July 17, 1990. (*Id.* at No. 9.)

## Analysis

Defendant argues that the undisputed material facts show that he did not own the vehicle that Dodson was driving at the time of the accident and that the family purpose doctrine does not

apply because he and Dodson were not married. Plaintiff has responded that there are disputed facts as to the ownership of the vehicle and as to whether the family purpose doctrine applies. The Court agrees with Plaintiff that these disputed facts preclude summary judgment.

A federal court sitting in diversity applies the choice of law provisions of the forum state, which in this case is Tennessee. *Solo v. United Parcel Serv. Co.*, 819 F.3d 788, 794 (6th Cir. 2016) (citing *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941)). The parties do not dispute that Tennessee's substantive law applies to the issues before the Court.

Ownership of the Kia

Defendant Necessary asserts that the Kia driven by Dodson was owned by his son Jeffrey Todd Necessary. As evidence of this "fact," he has provided a copy of the title to the Kia which indicates that the vehicle belonged to "Necessary, Pam or Jeffrey." (Exh. to Mot. Summ. J., ECF No. 76-4.) Plaintiff disputes the authenticity of the title and points out that it is a duplicate title issued after the accident giving rise to this lawsuit. Both Defendant and his son are named "Jeffrey," and both lived at the address listed on the duplicate title. Moreover, Defendant admitted in his answer that he was the owner of the Kia. The Court finds that there is a disputed issue of fact as to the ownership of the Kia that precludes summary judgment.

Family Purpose Doctrine

> Tennessee's family purpose doctrine has been explained as follows:
>
> Under the doctrine, the head of a household who maintains a motor vehicle for the general use and convenience of the family is liable for the negligence of any member of the family driving the vehicle, provided the driver received express or implied consent.
>
> The family purpose doctrine is applicable when two requirements have been satisfied. First, the head of the household must maintain an automobile for the purpose of providing pleasure or comfort for his or her family. *Scates v. Sandefer*, 163 Tenn. 558, 44 S.W.2d 310 (1931). Second, the family purpose driver must have been using the motor vehicle at the time of the injury "in furtherance of that

> purpose with the permission, either expressed or implied, of the owner." *Redding* [*v. Barker*], 230 S.W.2d [200, 205, (Tenn. Ct. App. 1950)]. *See also Stephens v. Jones*, 710 S.W.2d 38 (Tenn. App.1984); *Long v. Tomlin*, 22 Tenn. App. 607, 125 S.W.2d 171 (1938).

*Camper v. Minor*, 915 S.W.2d 437, 447 (Tenn. 1996). "Tennessee courts have treated the application of the family purpose doctrine as a question for the trier of fact when the facts are disputed or subject to more than one interpretation[.]" *Gummo v. Ward*, 57 F. Supp. 3d 871, 879 (M.D. Tenn. 2014) (quoting *Starr v. Hill*, 353 S.W.3d 478, 481 (Tenn. Ct. App. 2011)).

Defendant contends that the doctrine is inapplicable to him because he was not the owner of the Kia and Dodson was not a family member. As noted above, there is a disputed issue of fact as to whether Defendant owned the Kia. Furthermore, there is a disputed issue of fact as to whether Defendant was the "head of household" for purposes of applying the doctrine and whether Dodson, Defendant's live-in girlfriend, was a covered member of that household.[5] Although Defendant paid Dodson's rent and phone bill, the record is not complete as to what other support he provided her.

The mere fact that Defendant and Dodson were not married does not in and of itself mean that she was not a "family member." *See Mountain Laurel Assur. Co. v. Salinas*, 994 F. Supp. 2d 914, 918 (W.D. Tenn. 2014) (assuming that the family purpose doctrine would have applied to the vehicle's owner's boyfriend who was involved in an accident if there had been evidence that the owner had given him permission to drive her vehicle but finding that it did not apply in the absence of such evidence). "[T]he legal significance of paterfamilias has given way in modern times to a broader concept of family." *Daniels v. Huffaker*, 2015 WL 2256788 (Tenn. Ct. App. May 12,

---

[5] The issues of whether Defendant maintained the Kia for the "purpose of providing pleasure or comfort for his family" and whether Dodson's use of the vehicle was in furtherance of that purpose are not before the Court.

7

2015) (quoting *Nat'l Ins. Assoc. v. Simpson*, 155 S.W.3d 134, 139 (Tenn. Ct. App. 2004)). The *Daniels* Court noted that, in *Nat'l Ins.*, the Court defined "household" for the purpose of analyzing a family member exclusion provision in an automobile insurance policy as "a group or set of persons who dwell together as a family under the same roof." *Id.* at *8 (quoting *Nat'l Ins.*). Because there are disputed issues of fact as to whether Dodson was part of Defendant's family or merely a visitor, guest, or tenant, Defendant's motion for summary on this issue must also be denied.

Defendant Necessary has not shown that he is entitled to judgment as a matter of law. Accordingly, his motion for summary judgment is **DENIED**.

  **IT IS SO ORDERED**.

              **s/ S. Thomas Anderson**
              S. THOMAS ANDERSON
              CHIEF UNITED STATES DISTRICT JUDGE

              Date:  June 29, 2020.